**John M. THIURI, Plaintiff,**

v.

**George P. SHULTZ, Secretary, United States Department of State, et al., Defendants.**

**Civ. A. No. 86–2532.**

United States District Court, District of Columbia.

Dec. 11, 1986.

J. Lincoln Woodard, Washington, D.C., for plaintiff.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

OBERDORFER, District Judge.

This is a Title VII suit against the State Department. Plaintiff is a native of Kenya who was until recently employed at the Foreign Service Institute (FSI) of the Department of State as a Swahili language instructor. Mr. Thiuri's employment with the FSI lasted for more than 16 years from December 1969 until September 12, 1986. During this time, the FSI sponsored Mr. Thiuri for an H–2 or temporary work visa. By a letter dated August 29, 1986, Mr. Thiuri was advised that his employment with the FSI would be terminated effective September 12, 1986. A complaint and a motion for a temporary restraining order were filed in this action on September 11, 1986 alleging that the plaintiff was being discriminated against on the basis of race and national origin and seeking an injunction prohibiting his termination. A hearing was held on the motion for a temporary restraining order on September 11 at which time that motion was denied.

The case is currently before the Court on the government's motion for summary judgment and the plaintiff's motion for a preliminary injunction. A hearing on both these motions was held on December 8, 1986. For the reasons explained below, the government's motion for summary judgment will be granted and the plaintiff's motion for a preliminary injunction will be denied.

## I.

Plaintiff's employment in the United States has been authorized pursuant to an H–2 visa which is provided to an alien "who is coming temporarily to the United States to perform temporary services or labor, if unemployed persons capable of performing such labor cannot be found in this country." *See* 8 U.S.C. § 1101(a)(15)(H)(ii). These visas are granted by the Immigration and Naturalization Service (INS) upon a petition by the employer and a certification from the Labor Department stating that qualified persons in the United States are not available. 8 C.F.R. § 214.2 (h)(3)(i); 20 C.F.R. § 621.3(a), (d). The State Department apparently petitioned for Mr. Thiuri's H–2 visa periodically throughout his 16 year employment. The record suggests that it was highly unusual for Mr. Thiuri to remain employed on an H–2 visa for such a lengthy period of time. In fact, Exhibit A to the Declaration of A. Paul Stratton (attached to the defendants' motion for summary judgment) states that of the 255 language instructors on the FSI rolls as of June 18, 1985, only Mr. Thiuri held an H–2 temporary visa.

Beginning in November of 1980, Mr. Thiuri contacted officials at the FSI in an attempt to get the Institute to sponsor him for permanent residency status. Declaration of Paul A. Stratton at ¶ 8a. Plaintiff's discussions with the FSI regarding this matter continued until his employment was terminated. Throughout this time, the FSI consistently indicated to Mr. Thiuri that an FSI policy prohibited sponsoring any employees for permanent resident status. However, the FSI continued to support Mr. Thiuri's applications for H–2 temporary visa status. *Id.* at ¶¶ 8a–8w.

On November 26, 1984, Mr. Paul Stratton, a Supervisory Personnel Management Specialist at FSI learned of a new Department of Labor requirement that a position be advertised for three consecutive days in a local newspaper before it could be filled by an alien. *Id.* at ¶ 8x. Accordingly, the FSI advertised for a Swahili language in-

structor in the Washington Post from December 21–23, 1984. No response to this advertisement was received and on January 9, 1985, the FSI again petitioned for an H–2 visa for the plaintiff. On January 10, the FSI received a response to the advertisement. On February 28, 1985, an employee of the Department of Labor contacted Mr. Stratton to request complete information on the current availability of U.S. citizens and permanent residents to fill Mr. Thiuri's position. The next day, the FSI informed the Department of Labor that it did have an application on file. Based on this information, the Department of Labor denied Mr. Thiuri's most recent application for a temporary labor certification. By a letter dated April 25, 1985 the FSI requested that the Department of Labor reconsider this denial. As a result of this appeal, Mr. Thiuri's certification was extended through July 31, 1985. However, in early June, 1985, the FSI hired a new Swahili language instructor, Mr. Johannes G. Mlela, who was a permanent resident of African descent. *Id.* at ¶¶ 8y–8kk. Two more extentions of time were later obtained but on August 31, 1986 Mr. Thiuri's H–2 visa expired. On September 12, 1986, the FSI terminated Mr. Thiuri's employment on the grounds that he no longer had a proper visa permitting him to remain in the United States.

## II.

The gravamen of plaintiff's legal claim is that the FSI failed to sponsor him for permanent residency status due to racial or national origin discrimination. However, plaintiff's administrative complaint alleged only national origin discrimination; therefore, this is the only claim that is properly before the Court.

There is no evidence in the record to support this allegation of national origin discrimination. Instead, the declarations and exhibits attached to the government's motion for summary judgment strongly suggest that the FSI failed to sponsor Mr. Thiuri because it had a firm policy against doing so and because it could not represent to the Department of Labor that there

were no other qualified applicants available for his position. In particular, the FSI has denied that it ever sponsored any other employee for permanent residency status. *See* Declaration of Paul A. Stratton at ¶ 5, Declaration of Janice E. Burke at ¶ 14; Declaration of Janice H. Pemberton at ¶¶ 4–5; Declaration of Robert E. Russum at ¶ 4. Plaintiff maintains that at least three other individuals were sponsored from 1960–1970. The individuals named by the plaintiff are Mr. Mulugeta Andualem, an Ethiopian, Mr. Andang Poeraatmadja, an Indonesian, and Mr. Souksomboun Sayasithsena, a Laotian. The government maintains that nothing in the employment records of these individuals indicates that they were sponsored by the FSI. *See* Declaration of Janice H. Pemberton at ¶ 5; Declaration of Paul A. Stratton at ¶ 7; Declaration of Janice E. Burke at ¶ 15. Nor has the plaintiff presented the Court with any contrary affidavits or depositions from these individuals, or produced these people as witnesses at the December 8 hearing.

The only evidence of discrimination presented by the plaintiff are exhibits 1 and 2 to the Declaration of Mr. Thiuri. Exhibit 1 is a consent form signed by the three individuals who were allegedly sponsored by the State Department. This form is dated March 16, 1983 and states simply that "We, the undersigned, give you permission to provide Mr. Thiuri's lawyer, Ms. Priscilla Labovitz, information regarding our individual permanent visa issuance." The consent form does not indicate that any of the named individuals were sponsored for permanent residency status by the State Department. Exhibit 2 is a statement dated February 6, 1984 from Mr. Mulugeta M. Andualem, the Ethiopian employee of the FSI who was allegedly sponsored by the State Department. This statement reads *"TO WHOM IT MAY CONCERN:* this note is to confirm that I was assisted by the Foreign Service Institute (FSI) when I applied for a change in my immigration status by doing two administrative tasks: (1) filling out forms for the Department of Labor and (2) writing a letter to the Immigration and Naturalization

Service (INS) to verify that I was employed by the Department of State during the time I applied to (INS)."

This statement does not say that Mr. Andualem was sponsored for permanent residency by the State Department. Even if it did, however, it would not be sufficient to defeat the government's motion for summary judgment. Plaintiff fails to establish a prima facie case of impermissible discrimination merely by demonstrating that two individuals of different national origins were treated differently. Such a rule would require employers to defend against unnecessary and frivolous lawsuits. Indeed, this rule would work a particular hardship on the FSI which employs over a hundred foreign nationals as language instructors. *See* Exhibit A to the Declaration of Paul A. Stratton. Moreover, it would be particularly inappropriate to infer discriminatory intent from differing treatment in this case. Mr. Andualem obtained his permanent residency status more than 10 years before the FSI refused to sponsor the plaintiff. *See* Declaration of Paul A. Stratton at ¶ 7a. More importantly, both men are natives of African nations. While there has been a long and pernicious history of discrimination against people of African descent in this country, plaintiff has not attempted to demonstrate that discrimination against natives of one African nation and in favor of natives of another has been a significant problem. Even if the plaintiff had demonstrated the sponsorship of Mr. Andualem, therefore, he would not have established a prima facie case of national origin discrimination.

The Declaration of Mr. Thiuri, attached to the plaintiff's opposition to the motion for summary judgment, demonstrates that Mr. Thiuri's complaint is primarily a challenge to the wisdom and justice of the FSI's unwritten "no-sponsorship" policy. The declaration details Mr. Thiuri's frustrating and fruitless efforts to get the FSI to sponsor him; it takes issue with numerous statements and acts of the FSI and concludes that *"my record of accomplishments and expertise at the Institute speaks of itself and the FSI can use it as a justification to sponsor me for permanent residency."* (emphasis in the original). Thiuri Declaration of November 12, 1986 at ¶ 11. This complaint is simply not properly framed as a suit for national origin discrimination under Title VII.

Accordingly, defendants' motion to dismiss the complaint will be granted and plaintiff's motion for a preliminary injunction will be denied. Clearly, Mr. Thiuri will face great hardship if he is required to leave this country after spending most of his adult life here. At oral argument in this matter, the Court suggested to the plaintiff's attorney that he seek a private act of Congress. Hopefully, plaintiff will pursue this remedy and any other remedies that may be available to him.